IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEMYRON BISHOP,

    Plaintiff,

vs.                                                                           No. CV 21-00321 RB/SCY

FEDERAL GOVERNMENT
(ALL COMPONENTS),

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the handwritten Notice ("complaint") filed by Plaintiff LeMyron Bishop on April 8, 2021. (Doc. 1.) The Court will dismiss the complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff's complaint is largely incoherent and consists of a document stating "[d]ue to MULTIPLE violations being broken criminal and ALL civil violations which include case procedures not being followed in and of the courts. I have been forced to start ANOTHER case." (*Id.* at 1.)[1] Plaintiff also states, "I am currently incarcerated on a criminal trespass on my OWN property." (*Id.*) Although he does not expressly allege violation of any constitutional right, the Court construes Plaintiff's filing as possibly asserting prisoner civil rights claims under 42 U.S.C. § 1983. (*See* Doc. 2.)

The Complaint was not in proper form for a civil rights complaint. (*See* Docs. 1; 2 at 2.)

---

[1] Plaintiff has filed five prior cases in this Court: No. CV 19-00600 RB/CG, No. CV 19-00833 KWR/GBW, No. CV 19-01037 JCH/JFR, No. CV 19-01129 RB/GJF, and No. CV 20-00087 WJ/GJF. The Court has dismissed all prior cases.

1

Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 12, 2021, the Court ordered Plaintiff to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 2.) The Order advised Plaintiff that if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (*Id.* at 2.) The Court also sent Plaintiff the forms for submitting a § 1983 complaint and an application under § 1915. (*Id.*) More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's April 12, 2021 Order.

As a result, on May 13, 2021, the Court entered an Order to Show Cause. (Doc. 5.) The Order directed Plaintiff to submit a complaint in proper form, pay the $5.00 filing fee, submit an application to proceed *in forma pauperis*, or show cause why the case should not be dismissed for failure to comply with the April 12, 2021 Order. (*Id.*) The Court set a deadline of 30 days for Plaintiff to comply with the Order to Show Cause. (*Id.* at 2.) More than 30 days has elapsed, and Plaintiff has not submitted a complaint in proper form, paid the filing fee, submitted an application to proceed *in forma pauperis*, shown cause, or otherwise communicated with the Court.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $5.00 filing fee or submit an application to proceed under § 1915. Plaintiff was directed to comply with the statutory requirements or show cause why he should not be required to do so on two separate occasions. (Docs. 2; 5.) Plaintiff failed to respond to either of the Court's Orders.

At the time it was filed, the handwritten complaint indicated that Plaintiff was incarcerated at the Eddy County Detention Center. (Doc. 1). However, mail addressed to Plaintiff at the Eddy County Detention Center is being returned as undeliverable. (*See* Docs. 6; 7.) A review of the Eddy County Detention Center records shows that Plaintiff is no longer incarcerated at that facility, and he has not provided the Court with any current address. (*See* Doc. 6, 7). Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Bishop has failed to comply with D.N.M. LR-Civ. 83.6.

Plaintiff Bishop has failed to comply with the Court's Orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with Fed. R. Civ. P. 8 and 11, filed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action. The Court may dismiss this action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute.

**THEREFORE,**

**IT IS ORDERED** that the handwritten "Notice" complaint filed by Plaintiff LeMyron Bishop (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Orders, and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE